UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYL HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-CV-0219-CVE-FHM |
| | ) |
| THE WILLIAMS COMPANIES, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Opposed Motion to Join (Dkt. # 15). Plaintiff seeks to amend her to complaint to add Williams Production Company, LLC ("WPC") and William Energy Services, LLC ("WES") as parties to this lawsuit. Defendant objects to plaintiff's motion to the extent that plaintiff intends to join WES, because defendant argues that WES does not qualify as plaintiff's employer under 42 U.S.C. § 2000e et seq. ("Title VII"). In her reply, plaintiff has agreed to withdraw her motion to join as to WES, and states that the motion is unopposed as to WPC.

Defendant The Williams Companies, Inc. ("Williams") states that it intends to file a motion for summary judgment asking the Court to determine whether Williams was plaintiff's employer under Title VII. It notes that plaintiff did file a charge with the Equal Employment Opportunity Commission ("EEOC") against Williams, but that plaintiff has not filed an EEOC charge against WPC. Williams is willing to waive any defense based on exhaustion of administrative remedies as to WPC, because Williams believes that WPC was actually plaintiff's employer and it wishes to move forward with this case.

However, the Court has independently conducted research on this issue, and the Court finds that it can not permit joinder of WPC without obtaining more information from plaintiff. Under

Tenth Circuit precedent, there is a critical distinction between the failure to file a timely EEOC charge and the failure to file any EEOC charge as to a particular defendant. When a plaintiff files a late EEOC charge, the defendant can argue that the plaintiff failed to exhaust administrative remedies. See Jones v. Runyon, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996). When the plaintiff completely fails to file an EEOC charge, this deprives the Court of subject matter jurisdiction over the plaintiff's Title VII claim. Douglas v. Norton, 167 Fed. Appx. 698, 704 n.9 (10th Cir. 2006)[1]; see also Strouss v. Michigan Dept. of Corrections, 250 F.3d 336, 342 (6th Cir. 2001). While WPC can waive a defense based on exhaustion of administrative remedies, the Court can not permit plaintiff to join a party when the Court would lack subject matter jurisdiction to hear plaintiff's claims against the new party.

Plaintiff may be able to overcome this jurisdictional hurdle by showing that Williams and WPC should be treated as a "single employer," and that an EEOC charge against Williams should be found to provide notice to both defendants. See Bristol v. Board of County Comm'rs of County of Clear Creek, 312 F.3d 1213 (10th Cir. 2002); Lambertson v. Utah Dep't of Corrections, 79 F.3d 1024 (10th Cir. 1996). Plaintiff's motion to join WPC contains conclusory allegations that Williams and WPC are "joint employers," but there is no factual or legal analysis to support plaintiff's allegations. If the Court were to rule on plaintiff's motion to join WPC at this time, the Court would be ruling on an inadequate record. Whether or not plaintiff can successfully join WPC will likely be a critical issue in this case, and plaintiff should be given an opportunity to fully brief this issue. At this time, the Court finds that plaintiff's motion to join WPC is denied, but the Court will allow

---

[1] The Court is aware that citation of an unpublished decision is disfavored. 10th Cir. R. 36.3. However, this unpublished decision has persuasive value on a material issue not addressed in a published opinion and it assists the Court in its disposition of this issue.

plaintiff to refile her motion. If plaintiff refiles her motion to join WPC, she must fully brief the implications of her EEOC filing on the Court's subject matter jurisdiction and whether Williams and WPC can be treated as a single employer under Title VII.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Join (Dkt. # 15) is **denied without prejudice to refiling**.

**DATED** this 20th day of August, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT